UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JONATHAN TYLER MATTHEWS,**

    **Plaintiff,**

v.                                                          **Case No. 8:21-cv-967-AAS**

**KILOLO KIJAKAZI,**[1]
**Commissioner,**
**Social Security Administration,**

    **Defendant.**
_____/

## **ORDER**

Plaintiff Jonathan Tyler Matthews moves for attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. Section 2412. (Doc. 23). The Commissioner does not oppose the motion. (*Id.* at 3).

Mr. Matthews requests $2,649.47 in attorney's fees. The EAJA permits awards for reasonable attorney's fees and costs to a prevailing party against the United States. 28 U.S.C. § 2412. A March 31, 2022 order remanded the case to the Commissioner under sentence four of 42 U.S.C. Section 405(g) for further administrative proceedings. (Doc. 21). The Clerk entered judgment in

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* section 205(g) of the Social Security Act, 42 USC 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

favor of Mr. Matthews. (Doc. 22).

The Commissioner does not contest the following: Mr. Matthews is the prevailing party; Mr. Matthews' net worth was less than $2 million when he filed his complaint; the Commissioner's position was not substantially justified; and the Commissioner has no objection to the requested award of attorney's fees. (Doc. 253, pp. 1–2). A court should grant a Social Security claimant's request for attorney's fees when it is unopposed. *See Jones v. Colvin*, No. 8:13-cv-2900-VMC-AEP, 2015 WL 7721334 (M.D. Fla. Nov. 30, 2015) (awarding unopposed attorney's fees request). No special circumstances make an attorney's fees award in this matter unjust. Thus, Mr. Matthews is entitled to $2,649.47 in attorney's fees.

Attorney's fees awarded to a claimant under the EAJA can be offset to satisfy the claimant's pre-existing debt to the United States. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). Following this order, the United States Department of the Treasury will determine whether Mr. Matthews owes a debt to the United States. Mr. Matthews assigned his rights to EAJA fees to his attorney. (Doc. 23, Ex. 1). If Mr. Matthews has no federal debt, the United States will accept his assignment of EAJA fees and pay the fees directly to counsel.

Accordingly, Mr. Matthews' motion for attorney's fees under the EAJA (Doc. 23) is **GRANTED**. Mr. Matthews is awarded **$2,649.47** in attorney's fees.

**ORDERED** in Tampa, Florida on June 14, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge